## RHYNE et al. v. TURLEY.

No. 2544. Opinion Filed April 4, 1913.

(131 Pac. 695.)

1. DAMAGES—Exemplary Damages—Theory—Grounds. Exemplary damages are imposed by the law on the theory of punishment to the offender, for the general benefit of society, and as a restraint to the transgressor, and are allowed only in cases where malice, fraud, oppression, or gross negligence enter into the cause of action.

2. APPEAL AND ERROR—Decisions—Grossly Excessive Verdict. Where, from the evidence and circumstances in a case, it is clear to the court that the verdict of a jury awarding exemplary damages is the result of passion and prejudice, and where the amount is so grossly excessive as to be shocking to the court's sense of justice, a remittitur should not be ordered, but, on application therefor, a new trial should be granted, for the reason that in such case the vice of prejudice and passion has probably prevented a fair and impartial consideration of the evidence and defenses offered, and has therefore permeated and destroyed the value of the verdict.

(Syllabus by Brewer, C.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by C. S. Turley against R. C. Rhyne and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*Wrightsman, Bush & Murry,* for plaintiffs in error.
*Biddison & Campbell,* for defendant in error.

Opinion by BREWER, C.   C. S. Turley, defendant in error, brought this action as plaintiff below to recover the value of a case of whisky alleged to have been converted by the plaintiffs in error, defendants below, to their own use, and for exemplary damages for the alleged trespass of defendants in seizing the whisky at plaintiff's residence, in the sum of $2,000, which included the value of the case of whisky.

It appears that on December 15, 1908, a case of whisky arrived in the town of Broken Arrow, express prepaid, and consigned to one Fishbourn; that the city marshal, one of the defendants, learned or suspected that this whisky was to be delivered by a drayman to a person other than the consignee, and, when the drayman got the whisky to be carried away, the marshal, and perhaps a deputy, went with or followed the drayman and the whisky to ascertain the place of delivery with the idea that, if delivered to a person other than the consignee, it would be an illegal transportation of the whisky and therefore a violation of the law, and would render same subject to confiscation.   As the drayman proceeded through the village with the officer accompanying him, the incident seems to have attracted the attention of a number of citizens, the same being defendants in this case, and, when the drayman stopped and delivered the goods at the residence of plaintiff, these citizens went up to the place and stood about the gate, some inside the yard and others outside; the officers followed the whisky in onto the porch, and, after the box had been deposited inside the door of the front room, the officer picked up the same, took it out on the porch, raised the lid, ascertained that it was in fact whisky, nailed the lid back on, put the box on his shoulder and took the same down town, stating to the wife of plaintiff that he

believed the whisky to be an unlawful shipment, and that he would have to carry it before a justice of the peace to be investigated. The officer had no warrant authorizing either a search or a seizure, but claimed to act on the assumption that he needed none, as the conveyance and delivery of the whisky was in his presence. The proof shows that plaintiff Turley was the owner of seven quarts of the twelve in the case; the remaining five belonging to other parties not disclosed. There is no proof that Turley had ever violated the prohibition law, and he testified that the whisky was for his own use and that of his family. So far as the rocerd shows, all the parties to this suit are reputable persons.

The defendants seem to have tried the case on the theory that the entry of the marshal and one or two others onto the porch and on the inside of the door to the house would have been a trespass, except for the fact, as they allege, that they were invited in by Mrs. Turley.

The case was tried to a jury; a three-fourths verdict being rendered in favor of the plaintiff for $2,000 damages and for the return of the whisky. This was more than the plaintiff sued for, as the value of the whisky was included in the $2,000 damages claimed. Upon hearing a motion for a new trial, in which it was alleged that the verdict was excessive and the result of prejudice and passion in the minds of the jury, the court informed plaintiff he would grant a new trial, unless he was willing to accept a verdict of $500 and would remit the balance. The *remittitur* was promptly made, and the judgment for $500 entered.

Outside of the $7, the value of the seven quarts of whisky, there is no claim that the evidence shows any actual damages. The judgment outside the part requiring a return of the whisky was solely by way of punishment.

Section 2887, Comp. L. 1909, authorizes punitive or exemplary damages, in addition to actual damage suffered; "where the defendant has been guilty of oppression, fraud or malice,

actual or presumed," etc. This statute is substantially the common law. They have no relation to the question of compensation for loss sustained, but are permitted on the theory of punishment to the offender, for the benefit of the community, as a restraint to the trangressor. Such damages are allowed only in cases where malice, fraud, oppression, or gross negligence enter into the cause of action. *W. U. T. Co. v. Reeves,* 34 Okla. 468, 126 Pac. 216, and cases cited; *Franc Cady v. Case,* 45 Kan. 733, 26 Pac. 448; *Burns v. Campbell,* 71 Ala. 271; *Bundy v. Maginess,* 76 Cal. 532, 18 Pac. 668; *Barlow v. Lowder,* 35 Ark. 492; *Jacobus v. Congregation of the Children of Israel,* 107 Ga. 518, 33 S. E. 853, 73 Am. St. Rep. 141; *Scott v. Donald,* 165 U. S. 58, 17 Sup. Ct. 265, 41 L. Ed. 632; *C. K. & W. Ry. Co. v. O'Connell,* 46 Kan. 581, 26 Pac. 947; *Sheik v. Hobson,* 64 Iowa, 146, 19 N. W. 875; *Press Pub. Co. v. Monroe,* 73 Fed. 196, 19 C. C. A. 429, 51 L. R. A. 353.

A reading of the evidence in this case would convince any fair-minded man that the verdict resulted from prejudice and passion. The trial court must have thought so. The plaintiff probably had misgivings along this line, when he so readily surrendered the bulk of his judgment. There was no fraud, oppression or malice, or any of the elements of ill will, dislike, wantonness, or rudeness shown in the conduct of defendants. The officers erred in their judgment of the law, but appear to have acted in good faith. The citizens who came upon the scene merely stood by and saw the whisky box opened; they they were neither rude, boisterous, nor insulting. Those of them who went inside the yard were probably trespassers technically, unless they were invited, but this is about as serious a view of their conduct as could be reasonably urged.

In our judgment, the jury found contrary to the great weight of the evidence on the question of whether Mrs. Turley invited the parties onto her premises. This question was presented as a defense against the charge of trespass. If the majority of the jury was prejudiced against these parties, who seem to have been vigilantly, and perhaps over-zealously trying

to enforce the prohibition law, this same state of mind that resulted in such a verdict probably prevented a fair consideration of the evidence and defenses offered by defendants. In other words, the prejudice and passion which the record to our minds so clearly shows must have permeated the whole case, rendering it impossible to give to the evidence that fair and impartial consideration contemplated in a jury trial. Under such a situation, the court should have set this verdict aside and granted a new trial. The defendants were entitled to the verdict of a fair-minded unprejudiced jury; this we think they have not had. To compel them to accept in lieu of such verdict the judgment of the court, where the damages are unliquidated, and awarded solely as punishment, and there are no means of measuring the same, is to deny them the right of a trial by jury as contemplated by the law. *Steinbuchel v. Wright,* 43 Kan. 307, 23 Pac. 560; *Pertello v. Mo. Pac. Ry.,* 217 Mo. 645, 117 S. W. 1138; *Chalanda v. St. L. Transit* Co., 213 Mo. 244, 122 S. W. 249; *Chitty v. St. L., I. M. & S. Ry. Co.,* 148 Mo. 64, 49 S. W. 868; *Chicago & N. W. Ry. Co. v. Cummings,* 20 Ill. App. 333; *Gurley v. Mo. Pac. Ry. Co.,* 104 Mo. 211, 16 S. W. 11.

We do not mean to intimate that the court, in proper cases, does not have the right to order a *remittitur.* It has such right. But this case should be reversed because the vice of prejudice and passion has entered into and destroyed the verdict.

The cause should be reversed and remanded for a new trial.

By the Court: It is so ordered.