## ST. LOUIS, I. M. & S. RY. CO. v. FREELAND.

No. 2903.  Opinion Filed July 22, 1913.

(134 Pac. 47.)

1.    **DAMAGES—Exemplary Damages.**  Exemplary damages can be awarded only in cases where the defendant is actuated by fraud or malice, or is guilty of such gross negligence as indicates a reckless disregard for the rights of others.

2.    **CARRIERS—Action by Passenger—Exemplary Damages.**  Plaintiff started to Tulsa over defendant's road, intending to change cars at Claremore.  When the train reached Recks, a junction point where changes were made for Muskogee, the auditor told plaintiff that was the proper place for her to alight, and took her hand baggage and carried it off the train, thus causing her to alight.  This occurred in the daytime, and there was no evidence that the auditor was actuated by malice.  All the evidence tended to show that his action in causing her to alight was the result of an honest mistake.  **Held,** that there was no evidence upon which to base an instruction upon exemplary damages, and that it should not have been given.

3.    **SAME—Separate Coach Law—Passenger in Caboose.**  The separate coach law does not apply to such freight trains as carry passengers in cabooses, and it was error to instruct the jury that if the railroad company required or permitted both white and negro races to occupy a car, it was a violation of its duty to plaintiff, where the evidence showed that plaintiff was riding in a caboose of a freight train which also carried negro passengers.

(Syllabus by Rosser, C.)

*Error from District Court, Rogers County;*
*T. L. Brown, Judge.*

Action by Ethel A. Freeland against the St. Louis, Iron Mountain & Southern Railway Company.  Judgment for plaintiff, and defendant brings error.  Reversed and remanded.

*W. E. Hemingway, Lovick P. Miles, Thos. B. Pryor,* and *Vincent M. Miles,* for plaintiff in error.

*B. T. Hainer, H. B. Martin, Chas. E. Bush,* and *Jno. Y. Murry, Jr.,* for defendant in error.

Opinion by ROSSER, C.  This was an action by Ethel A. Freeland against the St. Louis, Iron Mountain & Southern Rail-

way Company, to recover damages for being misinformed as to the point where she should leave the train on the defendant's road, and for being permitted to alight at Recks, Okla., instead of Claremore. The evidence upon the part of the plaintiff shows that when the train reached Recks the auditor of the defendant company told her that that was the place for her to leave the train, and that he picked up her hand baggage and carried it out, she following. It also shows that she hesitated about leaving the train, and after she had left the train insisted that it was not the proper place for her to stop, but that, notwithstanding her protests, the auditor set her baggage down, and the train went off and left her. Some of the facts as stated are controverted by the defendant company.

A number of questions are raised by the defendant. The defendant assigns as error the giving of the following instruction:

"The jury are instructed that under the laws of this state, where a defendant has been guilty of oppression, fraud, or malice, the jury, in addition to actual damages, may give damages for the sake of example, and by way of punishing the defendant, and therefore, if you find that the agent or servants of the defendant in the performance of their duties in the premises, acted oppressively, fraudulently, or maliciously, you may award the plaintiff exemplary damages in addition to her actual damages in the case."

This instruction should not have been given under the evidence in the case. Exemplary damages can be awarded only in cases where the defendant has been actuated by malice or fraud, or has been guilty of such gross negligence as to amount to malice, as where its conduct is so wantonly and grossly negligent as to indicate a reckless disregard for the rights of others. *Rhyne v. Turley,* 37 Okla. 159, 131 Pac. 695, and cases cited; *A., T. & S. F. Ry. Co. v. Chamberlain,* 4 Okla. 542, 46 Pac. 499. See *Anderson v. International Harvester Co.,* 104 Minn. 49, 116 N. W. 101, 16 L. R. A. (N. S.) 440, and note.

There is no evidence of any malice upon the part of the defendant or its agents, nor was it guilty of such gross negligence as to amount to willfulness. A reading of the record is

convincing that it was a clear mistake upon the part of the auditor. It is shown that Recks, the point where the plaintiff alighted from the train, was a point where connection was made for trains for Muskogee, and where people were accustomed to alight in large numbers for the purpose of going to Muskogee. It was not an unaccountable mistake for the auditor to confuse the plaintiff, who desired to go to Tulsa, and for that purpose must change at Claremore, with some other person who desired to change at Recks. Exemplary damages cannot be recovered for an honest mistake. If so, such damages could be recovered in every case of negligence.

The defendant also assigns as error the giving of the following instruction:

"The jury are instructed that under the statutes of this state it is provided that every railway company doing business in this state as a common carrier of passengers for hire shall provide separate coaches or compartments for the accommodation of white and negro races, and it is unlawful for a railway company to transport passengers without providing separate coaches for white and negro races, and where a single coach is used for both races, it shall be divided into two compartments by a good and substantial wooden partition, and if the defendant, at the time of the transportation of the plaintiff, failed to provide separate compartments for the white and negro races, and permitted and required both races to occupy a car consisting of a single compartment, it was a violation of its duty to the plaintiff. And if you believe that the plaintiff suffered by reason of such neglect upon the part of the company, and that any injury resulted to the plaintiff from such action of the defendant, then in that event you should find for the plaintiff in such sum as she actually suffered."

After the plaintiff left the train she was informed by the agent of the company at Recks that she could go on the local freight to Claremore, which left at 8 or 9 o'clock in the morning, or she could wait until 7 o'clock in the evening and go on the passenger train. She went on the local freight, and this instruction appears to have been predicated upon the fact that there were three negroes, one man, and two women in the caboose on the local freight, where she was compelled to ride. But the court erred in his application of the separate coach law. It does

not apply to the caboose of local freight trains. Section 866, Rev. Laws 1910, is as follows:

"The provisions of this article shall not be so construed as to prohibit officers having in custody any persons or persons, or employees upon the trains or cars in the discharge of their duties, nor shall it be construed to apply to such freight trains as carry passengers in cabooses, provided that nothing herein contained shall be construed to prevent railway companies in this state from hauling sleeping cars, dining or chair cars attached to their trains to be used exclusively by either white or negro passengers, separately but not jointly."

The giving of this instruction was undoubtedly prejudicial error. The plaintiff had her choice as to whether she would ride on the local freight or wait a few hours and ride on the passenger, and, having chosen the local freight, she cannot complain that it carried negroes, as permitted by law.

Other matters were urged in the brief, but, as they are not likely to arise upon another trial, will not be considered here.

For the errors already referred to, the case must be reversed, and the cause remanded.

By the Court. It is so ordered.