## CHICAGO, R. I. & P. RY. CO. v. WELLS.

No. 6897.   Opinion Filed March 21, 1916.

(156 Pac. 314.)

**CARRIERS—Damages—Carriage of Passengers—Breach of Contract—Exemplary Damages.** The evidence in this case has been examined and it is held to be sufficient to sustain an action for the recovery of compensatory damages for the negligence of plaintiff in error's conductor, but it is furthermore held not to be sufficient to sustain a recovery of exemplary damages, which can only be recovered where the conduct complained of shows the defendant to have been actuated by malice or fraud, or to have been guilty of oppression, or of such gross negligence as amounts to malice, as where its conduct is wantonly and grossly negligent as to indicate a reckless disregard for the rights of others.

(Syllabus by Wilson, C.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by Abbie Wells against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

*R. J. Roberts, C. O. Blake, W. H. Moore, J. G. Gamble, K. W. Shartel,* and *Blake & Boys,* for plaintiff in error.

*W. L. Eagleton,* for defendant in error.

Opinion by WILSON, C.   This is an action instituted by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to recover damages alleged to have been sustained by her by reason of having been left at defendant's railway station while a passenger of defendant railway company from Erick, Okla., to Hot Springs, Ark. The evidence offered by the plaintiff in support of the allegations of her petition was substantially as follows: With the purpose of becoming a passenger from

Erick, Okla., to Hot Springs, Ark.; and afterwards return-
ing over the route of defendant's railroad line to Oklahoma
City, plaintiff made inquiry of defendant's ticket agent
at Erick concerning the purchase of her ticket, and was
advised by the agent to purchase a ticket from Erick to
Oklahoma City and to purchase a ticket at Oklahoma City
to Hot Springs and return, advising her, however, at the
time, to have the conductor of the train wire ahead for
the ticket. Acting on the agent's advise, plaintiff pur-
chased a ticket from Erick to Oklahoma City, and took
passage on one of defendant's passenger trains for Hot
Springs, via Oklahoma City. Soon after boarding the
train at Erick, plaintiff asked the train auditor if he could
wire to Oklahoma City for her for a round-trip ticket to
Hot Springs, and the auditor told her that they would
wait in Oklahoma City ten minutes, and that she would
have plenty of time to get her ticket after she got there.
Whereupon plaintiff asked the auditor if he was sure, say-
ing that it was important that she get to Hot Springs in
time to meet her husband, and the auditor, answering in a
"gruff," "quick," and seemingly "impatient" tone of voice,
told her that she would have plenty of time, and that if
she did not they would wait for her. Later plaintiff's
daughter, who was accompanying her on the trip, made
substantially the same inquiry of the conductor, and was
given substantially the same assurance, he answering, how-
ever, more civilly than had the auditor. Upon arriving at
Oklahoma City the plaintiff, knowing the exact price of
the ticket, had her money in readiness, and advanced to
the exit of the car in time to be the first passenger out,
and at once went to the ticket window and purchased her
ticket as speedily as she could be accommodated by the

ticket seller, and started back to her car, when somebody cried, "All aboard." She and her daughter reached the Pullman coach, but were denied admission because they did not have a Pullman ticket, and were told to go further ahead. Thereupon the train was immediately started, and they were unable to get aboard. The testimony was to the effect that when the train was moving out they saw a man in uniform standing on the rear platform of the Pullman coach, and the daughter "yelled" "Why don't you wait for us?" and that the man in uniform picked up his lantern and waved it and smiled. It was not made to appear from any positive testimony whether this man was a Pullman employee or a railroad employee. Testimony on part of the plaintiff established the fact that the ticket seller made out tickets as expeditiously as he could, and that the scheduled stop of that train was ten minutes, but the evidence was conflicting as to how long the train waited at the station on this particular occasion; that of the plaintiff being to the effect that it waited only nine minutes, and that of the defendant being that it waited ten minutes. The train was a late train. Plaintiff was delayed on her trip and put to extra expense and embarrassment by having to stay over in Oklahoma City from about 8:35 in the nighttime until about 9:20 the next day. The jury returned a verdict for $10 actual damages and $100 exemplary damages.

The questions to be determined on this appeal are: First, was there sufficient evidence to sustain the verdict of the jury awarding compensatory damages, and, incidentally, did the court err in refusing defendant's offered instruction directing a verdict? and, second, was there sufficient evidence to sustain that part of the verdict where-

by plaintiff was allowed exemplary damages, and, incidentally, did the court err in submitting the question of exemplary damages to the jury by its sixth instruction? We think that, having assured the plaintiff that the train would wait at Oklahoma City ten minutes, and longer, if necessary, to enable her to purchase her ticket, there was sufficient evidence of facts tending to show the circumstances of plaintiff being left at the depot by the train upon which she had taken passage to warrant the case being submitted to the jury on the question of negligence, and the jury having found for the plaintiff, that there was sufficient evidence to sustain that part of the verdict allowing her compensatory damages, and that the court committed no error in refusing to give defendant's requested instruction directing a verdict for the defendant.

"Exemplary damages can be awarded only in cases where the defendant is actuated by fraud or malice, or is guilty of such gross negligence as indicates a reckless disregard for the rights of others." *(St. L., I. M. & S. Ry. Co. v. Freeland,* 39 Okla. 60, 134 Pac. 47.)

"Exemplary damages are imposed by the law on the theory of punishment to the offender, for the general benefit of society, and as a restraint to the transgressor, and are allowed only in cases where malice, fraud, oppression, or gross negligence enter into the cause of action." *(Rhyne v. Turley,* 37 Okla. 159, 131 Pac. 695.)

Measuring the evidence in this case by the rule laid down by our Supreme Court in the Turley and Freeland cases, *supra,* which is the general rule governing the class of damages treated thereby, the court should not have submitted the question of exemplary damages to the jury, and the giving of the instruction submitting that issue was error.

Erick is a town in the extreme western part of the state, and a distance of several hours' travel from Oklahoma City. Soon after leaving the station at Erick, the plaintiff and her daughter notified the train auditor and the conductor of their intention to leave the train at Oklahoma City and buy their tickets to Hot Springs and re-board the train and resume their journey, and they were given assurance that they would be given ample time to do so, and, under the evidence in the case the action of the conductor in causing the train to leave the station in Oklahoma City without having given the plaintiff a reasonable opportunity to re-enter her car was doubtless an act of negligence for which the defendant company should respond in damages. Negligence, however, does not afford grounds for the assessment of exemplary damages unless it is so gross in its nature on the part of the guilty person as to indicate a reckless disregard of the rights of another. 5 R. C. L. title, Carriers, sec. 741; *Ft. S. & W. Ry. Co. v. Ford*, 34 Okla. 575, 126 Pac. 745, 41 L. R. A. (N. S.) 745.

The conductor of the train, who had immediate charge of its operation, was notified by the plaintiff's daughter, soon after leaving Erick and several hours before arriving at Oklahoma City, of their intention to get off the train and procure their tickets, and his assurance that they would be given ample time was given in a very courteous manner. There is no evidence that the plaintiff notified the conductor, or any other employee of the defendant, on arriving at Oklahoma City several hours later, of her intention to leave the train. He had told her that she would have ten minutes' time, and there is a conflict in the evidence as to whether the train did, in fact, remain nine minutes or ten minutes. There was no showing that the

man on the rear platform who waved his lantern and smiled when the plaintiff's daughter cried out to him knew that they were passengers and the purpose of their being off the train.

It seems to us that the evidence in the case is not sufficient to establish any other fact than that the conductor carelessly forgot about the plaintiff, and that, we think, was not sufficient to establish malice or gross negligence amounting to a reckless disregard of the plaintiff's rights.

The compensatory damages and the exemplary damages allowed by the verdict were separately itemized, the actual damages being fixed at $10 and the exemplary damages at $100.

We, therefore, recommend that the judgment of the trial court be so modified as to fix the amount of plaintiff's recovery at $10 and the costs, and that the costs of this action be taxed to plaintiff in error, and we further recommend that the judgment be affirmed as modified.

By the Court: It is so ordered.