## AARONSON et al. v. PEYTON.

No. 15052—Opinion Filed May 19, 1925.

1. Damages — Exemplary Damages — When Allowable.

To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some element of fraud, malice or oppression. The act which constitutes the cause of action must be actuated by, or accompanied with, some evil intent, or must be the result of such gross

negligence — such disregard of another's rights—as is deemed equivalent to such intent.

**2. Same—Erroneous Instruction — Eviction of Tenant.**

An instruction to the jury directing them "that if they find and believe from the evidence that the defendants herein, or any of them, wrongfully took the goods of this plaintiff from his apartment * * * while he was a tenant therein, then your verdict should be for the plaintiff for the punitive damages in the sum not to exceed $700", is erroneous in that such instruction omitted to require the jury to find the existence of a necessary element prerequisite to the awarding of punitive damages.

**3. Same—Liability for Acts of Agent.**

Exemplary, punitive, or vindictive damages are not to be allowed as against the principal, unless the principal participated in the wrongful act of the agent, expressly or impliedly, by his conduct authorizing it, or approving it, either before or after it was committed.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from Court of Common Pleas, Tulsa County; Font L. Allen, Judge.

Action by C. J. Peyton against Cynthia T. Aaronson, A. Abend, and New York Realty Company. From judgment in favor of plaintiff, defendants bring error. Reversed and remanded for new trial.

Samuel A. Boorstin and J. D. Johnston, for plaintiffs in error.

E. M. Connor, for defendant in error.

Opinion by PINKHAM, C. This action was instituted by the defendant in error, as plaintiff, against the plaintiffs in error, as defendants, for actual damages caused by the wrongful removal of the defendant in error's furniture from the premises rented by defendant in error from the plaintiffs in error, and for exemplary damages. The parties will be referred to as they appeared in the trial court.

The case was tried to a jury and resulted in a judgment in favor of plaintiff in the sum of $700, in accordance with the verdict of the jury. Defendants appealed, and for reversal of the judgment assign as errors that the trial court erred in giving to the jury the following instruction:

"The court instructs the jury that if they find and believe from the evidence that the defendants herein or any of them wrongfully took the goods of this plaintiff from an apartment in Esther Court, known as

C-6, while he was a tenant therein, then your verdict should be for the plaintiff for punitive damages in the sum not to exceed $700"

—and further, that the said court erred in refusing to give to the jury the following instruction requested by the defendants:

"You are instructed that punitive damages are liable only when there is misconduct and malice on the part of defendant, and in this case you are instructed that before you can find the verdict in any sum against the defendants herein for punitive damages, you must find that they are liable for actual damages; and, further, that they have been guilty of malice toward plaintiff, or acting in such gross disregard of his rights as to amount to constructive malice."

The following are the facts, briefly stated: The plaintiff had, for about a year, been a tenant of a certain apartment house owned by the defendant Cynthia Aaronson and under the control of defendants New York Realty Company and A. Abend, who were agents of the owner. The plaintiff was an employe of the Sinclair Oil & Gas Company, with headquarters and office at Tulsa. He and his wife had been residing and occupying rooms in the said apartment for several months prior to January, 1923, and for which he paid $50 a month in advance. The plaintiff paid his rent in advance for January, 1923, and about January 12th, thereafter. plaintiff, accompanied by his wife, left for Casper, Wyo., leaving the apartment in the care of his wife's sister, in order that she might look after the apartment and furnishings in the plaintiff's absence. About the 15th to the 20th day of January, 1923, under the order and direction of the defendant Abend, the superintendent of the apartment house, one Looper, went into the rooms of the apartment of plaintiff. without his knowledge or consent, or the knowledge or consent of the sister-in-law of plaintiff. and took the furnishings out and moved them into his quarters in the basement of the building. There was evidence to the effect that the furniture was damaged as a result of its removal.

At the conclusion of plaintiff's testimony in chief, plaintiff was permitted to amend his petition to show an actual damage of $292.42, instead of $173.40, the amount sued for under the original petition. It is admitted that the plaintiff received back from the defendant Abend, the agent, the sum of $15 refund for unearned rent for the month of January, 1923. It does not appear from the evidence, that the defendant Cynthia Aaronson, or the New York

Realty Company, gave any instructions to have said property removed or had any knowledge of the removal thereof.

It is difficult to conclude, from an examination of the evidence adduced on the trial, that the removal of the goods was maliciously done. It appears that after the departure of plaintiff and his wife, the superintendent of the building, Looper, who had a key to all the apartments, including that of the plaintiff, went into the plaintiff's apartment for the purpose of learning the cause of a stoppage in the water main. It appears from the superintendent's testimony, that he found refuse matter lying on paper in the kitchen sink and in other parts of the room; that there was water standing in the sink that was unable to get out; that the condition of the apartment was unsanitary; that he called the janitor to get the refuse out of the apartment and then called the agent, Abend, and informed him of the situation; that the agent came to the apartment and then authorized the superintendent to remove the furniture to the superintendent's quarters and take care of it until some disposition was made of it.

The agent, Abend, stated that he visited the apartment, after being informed of its condition by the superintendent, and having learned that the plaintiff and his wife had gone to the state of Wyoming, and believing that they were not coming back, at least for sometime, he told the superintendent to take the furniture to his place in the basement and keep it there until someone who had authority claimed it.

The evidence clearly shows that the plaintiff's household goods were wrongfully removed from his apartment and that he sustained actual damages by reason thereof. The court instructed the jury, in effect, that their verdict should be for the plaintiff for actual damages not to exceed $297.40, the amount sued for, as actual damages, if they believed from the evidence plaintiff's property was taken from his apartment by the owner or her agent and that plaintiff sustained damages by reason thereof.

Exemplary damages, however, can only be recovered where the conduct complained of shows the defendants to be actuated by malice or fraud, or to have been guilty of oppression, or of such gross negligence as amounted to malice, or where the defendants' conduct is so wantonly and grossly negligent as to indicate a reckless disregard for the rights of others. C., R. I. & P. Ry. Co. v. Wells, 56 Okla. 599. 156 Pac. 314; Haskell National Bank v. Stewart, 76

Okla. 58, 184 Pac. 463; Sale, Sheriff, v. Shipp, 58 Okla. 598, 166 Pac. 502; Firebaugh v. Gunther, 106 Okla. 131, 223 Pac. 460.

Assuming, however, that, as contended by plaintiff, the evidence tends to show malice on the part of defendants toward the plaintiff, then we think it clear the instruction complained of was erroneous in that it omitted to require the jury to find the existence of a necessary element prerequisite to the awarding of punitive damages. Under that instruction the right of plaintiff to recover punitive damages is based upon the proposition that if the taking of the goods was wrongful, the defendants would be liable to the plaintiff for a sum not to exceed $700 as punitive damages.

It does not follow, as a matter of law, that, because the removal of the property was wrongful, therefore the act which constituted the cause of action was actuated by or accompanied with some evil intent, or was the result of such gross negligence—such disregard of another's rights—as is deemed equivalent to such intent.

Section 5975, Comp. St. 1921, provides that in any action for the breach of an obligation not arising from contract, when the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in addition to the actual damages. may give damages for the sake of example by way of punishing the defendant.

An examination of the instructions given by the trial court, considered separately or taken together as a whole, fails to show that the question of fact as to whether the defendants. in removing, or causing to be removed, plaintiff's household goods from his apartment, was guilty of malice toward the plaintiff; and in this connection, we think the instruction offered by the defendants, and refused by the court, with respect to the issue of punitive damages, in the light of the evidence disclosed by the record, was a substantially correct statement of the law.

Furthermore, the record discloses. without dispute, that the defendant Aaronson, the owner of the apartment house, and the defendant New York Realty Company had no knowledge of the removal of plaintiff's goods and never gave any instructions to have said property removed.

Under such a state of facts, we do not think the defendant Aaronson, or the New York Realty Company, could be made liable to the plaintiff for punitive damages.

The rule announced in 8 R. C. L. 596, is as follows:

"Where more than one person is sued the malice of one defendant cannot be imputed to another without connecting proof."

In Emmke v. De Silva, 293 Fed. 17, the court said:

"As to actual damages, principal and agent are alike liable. The inquiry is whether they are both liable for punitive damages, and, if so, under what conditions. Damages of the latter class are allowed as punishment, sometimes called smart money, because of the wrongful or malicious purpose and intent in their infliction. The principal may have no knowledge or information of its agent's intended wanton and malicious conduct against the rights of others."

In Boutwell v. Marr, 71 Vt. 1, 76 Am. St. Rep. 746, the court said:

"Exemplary damages, if ever recoverable against several defendants, are recoverable only where all are shown to have been moved by a wanton desire to injure."

The rule announced in the authorities cited is recognized in the early case of Atchison, T. & S. F. Ry. Co. v. Chamberlain, 4 Okla. 547, 46 Pac. 499; and in Moore v. Atchison, T. & S. F. Ry. Co., 26 Okla. 682, 110 Pac. 1059.

We think the case should be reversed and remanded to the trial court, with directions to grant a new trial.

By the Court: It is so ordered.

Note.—See under (1) 17 C. J. p. 983; anno. 10 L. R. A. (N. S.) 440; 8 R. C. L. p. 588; 2 R. C. L. Supp. p. 632; 4 R. C. L. Supp. p. 564; 8 R. C. L. 596; 4 R. C. L. Supp. 564. (2) 17 C. J. p. 1082. (3) 17 C. J. p. 989.