Kenneth L. WHITE, Administrator of the Estate of Kathryn White, Deceased, Plaintiff,

v.

B. K. TRUCKING COMPANY, INC., a Texas Corporation, and Adrian Earl Breeze, Defendants.

Lulamae NANCE, Administrator of the Estate of Anna Ellois Reed, Deceased, Plaintiff,

v.

B. K. TRUCKING COMPANY, INC., a Texas Corporation, and Adrian Earl Breeze, Defendants.

Civ. Nos. 73–678–D, 73–679–D.

United States District Court, W. D. Oklahoma, Civil Division.

Nov. 11, 1975.

Funston Flannagan, Walters, Okl., for plaintiffs.

Roy J. Davis, Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

In these consolidated cases the Plaintiffs seek damages, both actual and punitive from the Defendants for the wrongful deaths of their two decedents. The two decedents were traveling in an automobile which collided with a truck operated by the Defendant Adrian Earl Breeze (Breeze) as the agent of Defendant B. K. Trucking Company, Inc. (B–K Trucking). It was an intersectional collision and admittedly Defendant Breeze entered the intersection without stopping at a stop sign.

Defendants have admitted the alleged agency and liability for actual damages and the parties have settled both cases as to actual damages. Jury trial was waived by the parties and the case was tried to the Court only on the issue of punitive damages. Each Plaintiff asserts entitlement to punitive damages under Oklahoma law which governs this diversity case. The Defendants deny that punitive damages should be assessed against them under the facts and circumstances of this collision.

The evidence reveals that Defendant Breeze traversed this intersection that day on the way for a load of gyp rock. On his return trip he failed to stop at a stop sign against him and the collision occurred. From the evidence presented the Court finds and concludes that Defendant Breeze was guilty of negligence in running the stop sign (which as aforesaid the Defendants have admitted) but finds that the evidence fails to show anything more than an inadvertent failure to stop in obedience to the stop sign as there was no evidence that Breeze deliberately and intentionally decided in advance to disregard and run the stop sign.

23 Oklahoma Statutes § 9 provides:

"Jury may give exemplary damages, when

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

■ In a line of cases the Oklahoma Supreme Court has held that if there is a showing of such gross negligence as to warrant the inference of or be deemed equivalent to an evil intent, punitive damages may be recovered. Typical of these cases is *Schuman v. Chatman*, 184 Okl. 224, 86 P.2d 615 (1938) which holds:

"It has been repeatedly held by us that in order to warrant an award of exemplary damages the proof must establish some element of fraud, oppression or malice. However, we have taken cognizance of the existence in the statute of the word 'presumed' and upon consideration of its meaning and purport have likewise held that the fraud, malice or oppression may be inferred from acts constituting such gross negligence as to warrant the inference of or be deemed equivalent to an evil intent. *Firebaugh v. Gunther*, Ex'r, 106 Okl. 131, 233 P. 460; *Williams v. Baldrey*, 52 Okl. 126, 152 P. 814."

And the case of *Fuller v. Neundorf*, 278 P.2d 836 (Okl.1954) which involved a Defendant who ran a stop sign and which held:

". . . Moreover, as we view the testimony, there is no evidence warranting a finding that the defendant's acts or conduct establish oppression, fraud or malice, actual or presumed. Before punitive damages may be recovered we must find evidence, which the record here does not show, that the acts complained of were actuated by, or accompanied with some evil intent, or must be the result of such gross negligence, such disregard of another's rights, as is deemed equivalent to such intent. *Pure Oil Co. v. Quarles*, 183 Okl. 418, 82 P.2d 970; *Ruther v. Tyra*, 207 Okl. 112, 247 P.2d 964."

And the case of *Wootan v. Shaw*, 205 Okl. 283, 237 P.2d 442 (1951) which holds:

" To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some element of fraud, malice or oppression. The act which constitutes the cause of action must be actuated by, or accompanied with, some evil intent, or must be the result of such gross negligence, such disregard of another's rights, as is deemed equivalent to such intent.' "

In *St. Louis, I. M. & S. Ry. Co. v. Freeland*, 39 Okl. 60, 134 P. 47 (1913) the Oklahoma Supreme Court used this language:

"Exemplary damages can be awarded only in cases where the defendant is actuated by fraud or malice, or is guilty of such gross negligence as indicates a reckless disregard for the rights of others."

The early case of *Ft. Smith & W. R. Co. v. Ford*, 34 Okl. 575, 126 P. 745 (1912) at page 747 held:

" . . . Where negligence is accompanied with contempt of the plaintiff's rights and conveniences, exemplary damages may be awarded. There is a difference between an injury which is the mere result of such negligence as amounts to little more than an accident, and an injury, willful and negligent, which is accompanied by an expression of insolence. *Memphis & C. R. R. Co. v. Whitfield*, 44 Miss. 466, 7 Am.Rep. 699, and authorities cited."

Thus, the Court must determine herein whether Plaintiffs' evidence shows something more than the mere inadvertent disregard of a stop sign with a resulting collision of vehicles. It appears under the pronouncements of the Oklahoma Supreme Court that gross negligence may support a recovery of punitive damages though it is not specifically enumerated in the Statute (23 Oklahoma Statutes § 9, *supra*). But it must be *such* gross negligence as to warrant the inference of or be deemed equivalent to an evil intent or perhaps *such* gross negligence as indicates a reckless disregard for the rights of others.

Though the Oklahoma Legislature has defined the degrees of negligence in 25 Oklahoma Statutes § 6 as follows:

"§ 6.   Degrees of negligence defined

Slight negligence consists in the want of great care and diligence; ordinary negligence in the want of ordinary care and diligence; and gross negligence in the want of slight care and diligence."

it is not believed that the Oklahoma Supreme Court has adopted this definition of gross negligence (want of slight care and diligence) as the kind of *such* gross negligence that will support an award of punitive damages. It would seem that if this was the proper test of gross negligence to support an award of punitive damages the Oklahoma Supreme Court would have applied or referred to this Statute as the standard or test for an award of punitive damages by reason of gross negligence. But no case indicates this result. Rather, the Oklahoma Supreme Court essentially refers to *such* gross negligence as is deemed equivalent to evil intent which, of course, forms the basis of malice. It is not believed that the Oklahoma Supreme Court has authorized or would authorize the recovery of punitive damages in the ordinary intersection collision where one of the parties has failed to stop at a stop sign.

We have in these cases a tragic accident. A large truck disregarded a stop sign and two elderly ladies properly driving down the highway were killed. Negligence is admitted for actual damages paid. But under the evidence presented it is not believed that the Defendants are liable for punitive damages under Oklahoma law for the reason that Plaintiffs have not shown that the negligence of Defendant Breeze was *such* gross negligence as is deemed equivalent to an evil intent or indicates a reckless disregard for the rights of others. The evidence reveals no evil intent on the part of Defendant Breeze to either delib-

erately run the stop sign or deliberately cause the accident or deliberately kill the decedents. The evidence only shows inadvertence in failing to heed the stop sign.

Moreover, punitive or exemplary damages are not recoverable as of right and whether or not such damages are recoverable rests always in the discretion of the trier of the facts. Our Circuit in an Oklahoma case, *Stoody Company v. Royer*, 374 F.2d 672 (10th Cir. 1967) quoted 25 C.J.S. Damages § 117(2) with approval as follows:

" 'It is laid down as a general rule in many cases that exemplary damages are never recoverable as of right, unless awarded by statute, and that whether or not such damages are recoverable rests always in the discretion of the jury, or in the discretion of the court sitting as a jury * * * ' "

Also see 22 Am.Jur.2d, Damages, § 240 at page 237. Under the evidence presented, the Court in its discretion declines to award punitive damages in these consolidated cases.

Accordingly, Defendants should have Judgment in each case denying the claim of each Plaintiff for an award of punitive damages. Appropriate Judgments will be filed herein.