**AMOCO PIPELINE COMPANY,
Plaintiff,**

v.

**Jimmy MONTGOMERY, Wilson Lovelace, and Kathy Montgomery, Defendants and Counterclaimants.**

**No. CIV–79–240–W.**

United States District Court,
W. D. Oklahoma.

April 17, 1980.

William C. McAlister, and Page Dobson, Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, for plaintiff.

Larry E. Joplin, Wheatley & Joplin, Yukon, Okl., for defendants and counterclaimants.

## ORDER

LEE R. WEST, District Judge.

Plaintiff has filed its objection to the Judgment entered in this case stating that the Judgment is not in conformity with the instructions to the jury or in accordance with law. Specifically, Plaintiff objects to the failure of this Court to reduce the amount of punitive damages awarded the

**1270**

Defendants, Counterclaimants by their percentage of comparative negligence. Defendants, Counterclaimants have filed a response brief in support of the Judgment, which Judgment does reduce the jury award for actual damages but not for punitive damages. Accordingly, Plaintiff's objection is properly before the Court for an adjudication on the merits.

### I. QUESTIONS OF FACT

Plaintiff states in its objection that, in accordance with the jury instructions, the verdict rendered by the jury should be reduced both as to actual and punitive damages. The Court acknowledges that the verdict form itself might have specified that under the comparative negligence law of Oklahoma the Court would only reduce an award of actual damages but would leave unaltered any jury award for punitive damages.

Nevertheless, the jury instructions which accompanied the verdict form instructed that actual damages would be reduced by the percentage of negligence of the prevailing party. The only instruction as to punitive damages made no statement about punitive damages being reduced. Moreover, the punitive damages jury instruction stated that the purpose for punitive damages was to set an example and to punish a party that had been guilty of gross negligence. The jury was specifically instructed that, in the instant case, punitive damages were sought by the Defendants, Counterclaimants and that the jury had to find actual damages in their favor before they could award them punitive damages. Based on these instructions, the Court holds that the jury was properly instructed as to the law of actual and punitive damages and that the Judgment entered by the Court is in accordance therewith.

Moreover, any lingering doubt as to the validity of the jury's award of punitive damages is put to rest by the jury instruction that accompanied the verdict form which stated that the jury, in determining the damages figures, "should completely disregard the percentages of negligence [they had] attached to the respective parties." Thus, the jury, in determining the amount of damages to which Defendants, Counterclaimants were entitled, was on notice that it was to disregard any and all percentages of negligence of the parties. The fact that the Court does not reduce the jury award of punitive damages in no way invalidates their verdict.

### II. QUESTIONS OF LAW

#### A. The Applicable Comparative Negligence Statute

■ Plaintiff states that the comparative negligence statute to be applied in this case is 23 O.S. (1977) Supp. § 11 (now repealed). The Court would first note that Section 11 was replaced by Sections 13 and 14, which laws became operative on July 1, 1979. 23 O.S. (1979) Supp. §§ 13, 14. The opening clause of Section 13 reads that the Section is to control "[i]n all actions hereafter brought, whether arising before or after the effective date of this act . . . ." Accordingly, this Court's analysis of the comparative law of Oklahoma will revolve around the law as it is currently in force. 23 O.S. (1979) §§ 13, 14.

#### B. The Comparative Negligence Statute and Gross Negligence or Willful or Wanton Conduct

■ The first question to be addressed is whether gross negligence and willful and wanton conduct under the Oklahoma comparative negligence statute can be compared with ordinary negligence. The Supreme Court of Nevada in *Davies v. Butler*, 602 P.2d 605, 609–611 (1979), recently examined its comparative negligence statute and found that the Nevada legislature did not intend to have willful and wanton negligence compared and thereby reduced by contributory negligence which was ordinary or gross negligence. Nevada's statute, 41.-141(1), however, reads that "the contributory negligence of the plaintiff shall not bar a recovery if the negligence of the person seeking recovery was not greater than the *negligence* or *gross negligence* of the person

or persons against whom recovery is sought . . . ." (emphasis added). Thus, the Nevada Supreme Court concluded that the legislature, by including the term "gross negligence" in the comparative negligence statute, made a determination that gross negligence is to be compared with ordinary negligence, but left the law unchanged as to willful or wanton conduct.

The Oklahoma statute, by comparison, states that in actions for negligence, damages will be reduced by the negligence of the person damaged unless the negligence of the person so damaged is of a greater degree than the combined negligence of the person or persons causing the damage. No distinction is made between degrees or kinds of negligence. Thus, the Oklahoma Legislature has made no *prima facie* distinction between the negligence to be compared.

While the Oklahoma Supreme Court has not yet declared whether ordinary negligence can be compared with gross, willful or wanton conduct, the subject has been addressed by other state courts with similar statutes. In *Billingsley v. Westrac Company*, 365 F.2d 619, 621–623 (8th Cir. 1966), the Court of Appeals applying Arkansas law, concluded that "willful and wanton" conduct as used by the Arkansas courts, was conduct with a degree of negligence and was not something over and beyond or apart from a negligence concept. Accordingly, the Eighth Circuit in the diversity case held that the negligence of an automobile guest should be compared with the conduct of the host driver, which latter conduct had to constitute willful and wanton disregard for the rights of others under the Arkansas Automobile Guest Statute. As such, the case stands for the proposition that under the Arkansas comparative law statute all forms of negligence are to be compared—whether the negligence can be classified as ordinary, gross, or willful and wanton. The Arkansas legislature, in passing a new comparative fault statute in 1973, gave its approval to this interpretation by specifically including "willful and wanton" conduct as comparable. Woods, *Comparative Negligence in Oklahoma—A New Experience*, 28 Okl.L.Rev. 1, 13–14 n.92. Wisconsin courts have reached a similar result applying comparative negligence to all forms of negligence, excepting only intentional conduct. *Bielski v. Schulze*, 16 Wis.2d 1, 114 N.W.2d 105, 113 (1962). The Supreme Court of California has likewise held that all conduct which falls short of being intentional is subject to comparative negligence. *Li v. Yellow Cab Company*, 13 Cal.3d 804, 119 Cal.Rptr. 858, 873, 532 P.2d 1126, 1241 (1975).

The Court is not unmindful that this interpretation is not of universal acceptance. The Supreme Court of Wyoming, in *Danculovich v. Brown*, 593 P.2d 187, 192–194 (1979), held that willful and wanton misconduct, in the strict sense, is not negligence. Hence, the Court held that Wyoming's comparative negligence statute, which is similar in form to Oklahoma's law, does not mandate reduction of damages on the basis of comparative negligence of the plaintiff if defendant's misconduct is willful and wanton. Likewise, the Supreme Court of Nevada, in *Davies v. Butler, supra*, concluded that whereas ordinary and gross negligence differ in degree, willful and wanton conduct differs in kind. To the extent that concepts of willful and wanton misconduct reflect a judgment that the defendant's culpability "is so close to intentional wrongdoing that he should not have the benefit of contributory negligence," the basis for the all-or-nothing rule in regard to willful and wanton conduct remains unchanged by a comparative negligence system. Schwartz, *Comparative Negligence*, § 5.3, p. 108 (1974). Cf. *Li v. Yellow Cab Company of California, supra*, (Court acknowledged the argument that comparative negligence concepts should have no application when one of the parties had been guilty of willful and wanton misconduct as the latter conduct was an entirely different kind than ordinary negligence, but was nevertheless persuaded that the loss of deterrent effect that would occur upon application of comparative fault concepts to willful and wanton misconduct as well as ordinary negligence would be slight). See also, *Ryan v. Foster*

*& Marshall, Inc.*, 556 F.2d 460, 465 (9th Cir. 1977) (under Oregon law, plaintiff's comparative ordinary negligence cannot be used to offset defendant's gross or willful and wanton negligence).

This Court believes that the Arkansas approach is the better view. The concepts of willful and wanton misconduct and gross negligence were originally instituted to ameliorate the hardships of plaintiff's inability to recover under the harsh contributory negligence rule. Under Oklahoma's comparative negligence statute, plaintiff's contributory negligence is no longer a total bar to recovery and accordingly the rationale for treating acts of gross negligence or wanton and willful negligence differently from acts of ordinary negligence no longer applies. Schwartz, *supra*, at § 5.3, p. 108.

In *Laubach v. Morgan*, 588 P.2d 1071 (1978), the Supreme Court of Oklahoma noted that the original Oklahoma comparative negligence statute (23 O.S. (1977) Supp. § 11) was adopted from an Arkansas statute and therefore it would be reasonable to look to Arkansas law for the proper construction to be placed on the statute. *Id.* at 1072, 1073. This Court hereby adopts the rationale and holding of *Billingsley v. Westrac Company, supra*, as approved by the Arkansas Legislature, that comparative negligence should allow for the apportionment of damages in all cases involving misconduct which can be classified as ordinary negligence, gross negligence, or willful and wanton negligence. Thus, Plaintiff, in the instant case, was entitled to have the amount of actual damages the jury awarded Defendants, Crossclaimants reduced by the amount of their ordinary negligence, even though Plaintiff's conduct could be classified as gross negligence or wanton and willful negligence.

## C. The Comparative Negligence Statute and Punitive Damages

■ The law of punitive damages is a separate consideration. See, Schwartz, *supra*, § 5.4, pp. 109–111. Under Oklahoma law, 23 O.S. (1961) § 9, as interpreted by the Oklahoma Supreme Court, the submission of punitive damages to the jury is permissible if the defendant's conduct constitutes gross negligence as indicated by reckless disregard for the rights or property of others. See, *White v. B. K. Trucking Co., Inc.*, 405 F.Supp. 1068, 1069–1070 (W.D.Okl. 1975); *Sunray DX Oil Company v. Brown*, 477 P.2d 67, 70 (Okl.1970); *Wootan v. Shaw*, 205 Okl. 283, 237 P.2d 442, 444 (1951). Punitive damages or exemplary damages are in the nature of punishment imposed for the benefit of society, as a restraint upon the transgressor and as a warning and example to deter him and others from committing similar offenses in the future. *Main v. Levine*, 189 Okl. 564, 118 P.2d 252, 255 (1941). Punitive or exemplary damages are not recoverable as a matter of right and the award of punitive damages is discretionary with the trier of facts. *White v. B. K. Trucking Co., Inc., supra*, 405 F.Supp. at 1071.

■ The question remains, however, as to the effect Oklahoma's comparative negligence statute might have on the right to recover punitive damages in a case where they are warranted. See, Woods, *supra*, at 14. Although several courts have stated that a serious question would arise as to whether the comparative negligence of the injured party could be used to offset the award of punitive damages as well as actual damages, this Court has discovered only one case where a court has addressed the issue on the merits.[1] In *Tampa Electric Co. v.*

1. Cf. The Supreme Court of Wisconsin in *Bielske v. Schulze, supra*, held that actual damages should be reduced on the basis of the comparative negligence of the plaintiff, even if defendant's misconduct is willful and wanton, and that such ruling does away with the basis for punitive damages in negligence cases. Hence, in Wisconsin, punitive damages can now only be awarded in cases where defendant's conduct is intentional. This holding has been criticized. See, *Danculovich v. Brown, supra*, 593 P.2d at 194 n.10; Woods, *supra*, at 14. The Supreme Court of Arkansas is apparently inapposite and would allow punitive damages to be awarded in a comparative negligence case where the plaintiff has first been awarded actual damages. *Williams v. Carr*, 565 S.W.2d 400, 402 (1978). Neither case,

*Stone & Webster Engineering Corp.*, 367 F.Supp. 27, 38 (M.D.Fla.1973), the Florida District Court agreed with our previous holding and allowed the ordinary negligence of the plaintiff to diminish the recovery of compensatory damages from the defendant who had committed gross negligence. The Court then espoused: "[i]f the defendants' gross negligence will support an award of punitive damages, however, the plaintiff's comparative negligence will not be permitted to diminish the exemplary award. This procedure will equitably divide responsibility for claimed losses while keeping intact the policy of punishing wanton acts." *Id.* This Court agrees. Punitive damages are intended to punish the wrongdoer and bear no relationship to actual damages which compensate the damaged party for the wrong. Thus, Defendants, Counterclaimants in the instant case were entitled to the award of punitive damages with no set off allowed.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Judgment entered in this case is proper according to the jury instructions and the law.

however, assists the Court in deciding whether punitive damages should be reduced by the amount of the damaged party's comparative negligence.