ARTHUR A. McLEAN, Respondent, v. DENNIS RYAN, Appellant.

*Notary's certificate of protest — when a memorandum thereon is sufficient evidence of the service of a notice.*

Where the indorser of a promissory note, who has been sued thereon, fails to make an affidavit denying the receipt of notice of protest which would compel the production of common-law evidence to prove the service of such notice upon him, the courts are inclined to construe the notary's certificate of protest with great liberality, and in the absence of such an affidavit, the following memorandum at the foot of the notary's certificate, to wit, "Notice mailed to Dennis Ryan (an indorser), St. Paul, Minn.," is sufficient evidence that proper notice of protest was given to such indorser.

APPEAL by the defendant, Dennis Ryan, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 14th day of June, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 9th day of June, 1898, denying the defendant's motion for a new trial made upon the minutes.

*Ira D. Warren* [*John W. Boothby* with him on the brief], for the appellant.

*Charles F. Brown*, for the respondent.

CULLEN, J. :

This action was brought on a promissory note against the defendant as indorser. The plaintiff was a subsequent indorser, who, after default by the maker of the note, was compelled to take it up. The answer of the defendant denied knowledge or information sufficient to form a belief as to the allegations in the complaint concerning the protest of the note and the notice to the indorsers. It set up as an affirmative defense that the note was indorsed by him without consideration for the accommodation of the maker, and also for the plaintiff and one Morrison, who were partners with the maker at the time, and who promised to pay the note and hold the defendant harmless.

The plaintiff put in evidence the note and a notarial certificate of protest. This certificate states presentment of the note, demand for

payment, its non-payment, and its protest as against the makers and indorsers. The only statement as to the giving of notice to the defendant is the following, found at the foot of the protest: "Notice mailed to Dennis Ryan, St. Paul, Minn." At the close of the plaintiff's case a motion was made to dismiss the complaint, on the ground that the certificate was insufficient to show the service of proper notice of protest upon the defendant. The motion was denied and defendant excepted. The criticism made by the appellant on the certificate is that it does not state what notice was served. The form of this certificate is not to be commended; there should have been stated that notice "thereof" or "of the foregoing facts" was given. Nevertheless, we think, it was sufficient. An indorser can always compel the production of common-law evidence against him to prove the service of notice, by an affidavit denying the receipt of notice. For that reason, where the indorser is unwilling to make such an affidavit, the courts are inclined to construe the notarial certificate with great liberality. (*Seneca County Bank* v. *Neass*, 3 N. Y. 442.) That case practically holds that the notarial certificate is sufficient, if it has that fullness of detail which was required to render the memorandum of a deceased notary admissible in evidence before the statute of 1833. In *Nichols* v. *Goldsmith* (7 Wend. 160), cited with approval in the first-mentioned case, there was a memorandum on the back of the note, in the handwriting of the deceased notary, in these words: "Noticed endorser by mail, to Elmira, Tioga county, July 13, 1824." It was held *prima facie* sufficient to establish the service of proper notice. The certificate in this case is more explicit, and, we think, must be construed as meaning that notice of the facts stated in the protest was mailed to the indorser.

From the position of the signatures of the plaintiff and defendant on the back of the note, the defendant was presumptively primarily liable to the plaintiff for its payment. The defense set up, that the note was an accommodation note, was an affirmative one, and the burden was upon the defendant to establish it. That there was a question of fact to be determined by the jury was conceded by the defendant, for at the close of the case he did not apply either for the direction of a verdict or for a dismissal of the complaint. No exception was taken to the charge of the trial judge. The defend-

ant on this appeal contends that the verdict was against the weight of evidence. The testimony is of an extremely confused character. It is difficult to derive from the evidence any very clear or positive notion of what was the real origin of the note. At the time of the giving of the note the parties seemed to have had a number of business transactions with each other. The exact connection of the note in suit with any of these transactions does not appear. Kelly, the maker of the note, and Morrison, an indorser intermediate between Ryan and the plaintiff, and the plaintiff himself, were partners in a street grading contract in the city of New York. There is testimony to the effect that the proceeds of the note were used in the prosecution of the partnership work. On this question the court charged the jury at the request of the defendant that if either the proceeds of the note were used for the benefit of the firm, or the note was subsequently taken up from the bank with the moneys of the firm, the plaintiff could not recover. But it was disputed that the proceeds of these notes were used for firm purposes. Morrison, called by the defendant as a witness, stated that the proceeds of the notes were used for the purpose of paying him his interest in the contracts. What he means by his testimony is by no means clear. Frankly, I can understand but little of the evidence given in this case; and this comment applies equally to the testimony on behalf of the plaintiff and that on behalf of the defendant. The plaintiff positively denied that the note was applied to firm purposes. On its face the note was not that of the firm composed of Kelly, Morrison and the plaintiff, but that of Kelly alone. Presumptively, therefore, it was not a firm note, nor would it constitute a firm obligation; and I cannot say that the testimony clearly establishes the contrary.

The judgment and order appealed from should be affirmed, with costs.

All concurred, except HATCH, J., absent.

Judgment and order affirmed, with costs.