PERSONS et al. v. KRUGER et al.

(Supreme Court, Appellate Division, Fourth Department. November 22, 1899.)

BILLS AND NOTES—NOTICE OF PROTEST—SERVICE ON AGENT.
     Service of notice of protest on the agent of an indorser was sufficient to charge the latter where the agent held a power of attorney from the indorser to transact all the business of indorsing and accepting notes and drafts, and general authority to negotiate paper to plaintiff bank, and, in accordance therewith, he transmitted to the bank numerous pieces of paper, including the draft sued on, and such paper was discounted at such agent's instance, and the proceeds carried to the credit of his principal, and checked and drawn from time to time by the agent, who had general supervision of his principal's dealings with the bank.

Appeal from trial term, Erie county.

Action by Henry H. Persons and another, receivers of the Bank of Commerce in Buffalo, against Edward H. Kruger and another. Judgments for plaintiffs, and defendants appeal. Affirmed.

Issues of fact were brought to trial, and a verdict was directed against the defendant Fredericka Becker for $2,792.82, and the issues of fact were submitted to a jury as to the defendant Kruger, and a verdict was rendered by the jury in favor of the plaintiffs for $2,792.82. A motion for a new trial on the minutes was made by each of the appellants, and denied. Judgments were entered upon the verdict, and the appellants appeal from the judgment and from the order denying motions for a new trial. The action was brought against Julia Becker, Fredericka Becker, William Becker, and Matilda Johnson, constituting the firm of Becker & Co., and Edward H. Kruger and others, to recover upon seven drafts drawn by the Buffalo City Mills, Limited, upon Becker & Co., No. 355 Kingsland avenue, Brooklyn, N. Y., payable to the order of E. H. Kruger & Co. Each of the drafts was accepted by the drawee, and indorsed by the payee to the Bank of Commerce in Buffalo. The answer of Fredericka Becker consists of denials, and sets up no affirmative defense. The earliest of the drafts became due and payable on the 19th of October, 1896, and the latest on the 29th day of January, 1897. On the 14th of October, 1896, the Bank of Commerce, which had discounted the drafts, closed its doors, and on the next day the bank examiner took possession, and in an action begun by the people of the state of New York for a dissolution of the bank, on the 3d of December, 1896, a judgment was entered dissolving the bank, and appointing the plaintiffs receivers, who qualified, and on the 6th day of December, 1896, took possession of the banking business and the banking office. The drafts in suit all fell due after the bank had ceased to do business, and while the bank examiner and the receivers were in possession. It is alleged in the complaint that Fredericka Becker was, at the time the drafts in suit were accepted, one of the partners doing business in the city of Brooklyn under the name of Becker & Co. John Becker, her brother, testified that he signed the name "Becker & Co., by John Becker,

Attorney," and it abundantly appears that he had authority to act for the firm, and that Fredericka Becker was a member of the firm.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, and SPRING, JJ.

C. J. Church, for appellant Kruger.

Norris Morey and Edward R. Bosley, for respondents.

HARDIN, P. J. No brief has been submitted in behalf of the appellant Fredericka Becker. We have looked into the evidence given at the trial, and are satisfied that it was sufficient to warrant the trial judge in ordering a verdict against Fredericka Becker, and therefore the motion for a new trial, made by her upon the minutes, was properly denied, and the judgment and order, so far as she is concerned, should be affirmed.

2. The appellant Kruger raises a question as to whether the evidence was sufficient to show that any notices of protest were served upon Andrew Brown, his agent, and contends that the service of notices of protest upon Brown, if made, was insufficient to charge him as indorser. Brown held a power of attorney from Kruger & Co., authorizing him to transact all the business of indorsing and accepting notes and drafts, and the evidence further indicates that he had a general authority from Kruger to negotiate paper to the Bank of Commerce, and that, in accordance with his authority, he transmitted to that bank numerous pieces of paper, including those in suit; and that the same were discounted at his instance, and the proceeds were carried to the credit of Kruger & Co., and checked and drawn from time to time by Brown, who had general supervision of the business affairs relating to the dealings with the Bank of Commerce. We think notice to Brown was notice to Kruger. We are also of the opinion that the evidence in respect to the service of notices of protest upon Brown was sufficient to require the submission of the questions, made by the appellant Kruger in respect thereto, to the jury, and that the jury was warranted in finding as a question of fact that the notices of protest of the several pieces of paper were duly served upon Brown, and that, by virtue of the service of the notices of protest upon Brown, Kruger became liable. These questions are more fully considered and discussed in the opinion delivered in the case of Persons v. Kruger (heard at this term) 60 N. Y. Supp. 1071. In this case neither Brown nor Kruger was sworn as a witness, and neither filed an affidavit to the effect that no notice was received of the protest and nonpayment of the drafts in this suit, pursuant to section 923 of the Code of Civil Procedure. Following the rule laid down in McLean v. Ryan, 36 App. Div. 281, 55 N. Y. Supp. 232, and the views expressed in the opinion in Persons v. Kruger, supra, we are of the opinion that the verdict should be sustained, and that the trial judge was warranted in denying the motion for a new trial on the minutes.

Judgments and orders affirmed, with costs. All concur.