(99 App. Div. 312)

### GERMAN–AMERICAN BANK v. MILLS et al.

(Supreme Court, Appellate Division, First Department. December 16, 1904.)

1. BILLS AND NOTES—LIABILITY OF INDORSERS—PROTEST—EVIDENCE.

In an action on a note, wherein it was sought to charge an indorser, no affidavit was filed by him with his pleadings, or within 10 days after joinder of issue, to the effect that he had not received notice of nonpayment as shown by the notary's certificate introduced in evidence. *Held*, in view of Code Civ. Proc. § 923, making the certificate, in the absence of such affidavit, presumptive evidence of the facts certified therein, that the certificate and its service on him would be deemed to have been made.

2. SAME—NOTICE—SUFFICIENCY.

Where a certificate of protest is served by mail, the notice is sufficient to charge an indorser.

3. SAME—PRESENTATION FOR PAYMENT—REASONABLE TIME.

What is a reasonable time for presenting for payment, as required by section 131 of the Negotiable Instruments Law (Laws 1897, p. 736, c. 612), so as to bind an indorser of a note payable on demand, is a question of fact to be determined by the circumstances of the particular case.

4. SAME—BURDEN OF PROOF.

The presentation for payment of a note payable on demand is presumptively within a reasonable time, and an indorser, to raise the issue that its presentation was delayed for an unreasonable time, must plead and prove such matter as a defense.

Appeal from Trial Term.

Action by the German-American Bank against Henry P. Mills and another on a promissory note. From a judgment for plaintiff, defendant Charles W. Mayer appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Clifford W. Hartridge, for appellant.

S. K. Lichtenstein, for respondent.

HATCH, J. The defendant H. P. Mills made and executed his promissory note, bearing date March 4, 1903, whereby on demand, to the order of the defendant Charles W. Mayer, he promised to pay the sum of $5,203.95. After the execution and delivery of the note, Mayer duly indorsed the same to the plaintiff for value, and it became the owner and holder thereof. On the 10th day of July, 1903, four months and six days after the date of the note, the plaintiff caused the same to be duly presented for payment, and payment thereof was refused, and the same was thereupon duly protested for nonpayment, and a notice of protest was sent to the indorser by mail, directed to him at his last known place of residence. The maker of the note made default. The defendant Mayer by answer put in issue the proper presentation of the note for payment and the proper protest of the same for nonpayment, and he denies that he received notice of the demand and nonpayment as set forth in the complaint. It also put in issue the amount of the protest

¶ 2. See Bills and Notes, vol. 7, Cent. Dig. § 1178.

fees. By the answer, therefore, the note was admitted to be a valid instrument, and the only substantial defense interposed was the sufficiency of the demand of payment and of the protest to charge the indorser. Upon the trial the plaintiff introduced in evidence the note, the certificate of a notary public, bearing date July 10, 1903, which showed its presentation for payment, the nonpayment thereof, and the mailing of notice of the same to the defendant Mayer, the amount due thereunder, and then rested. The defendant objected to the admission in evidence of the notary's certificate upon the ground that it was mailed to the indorser and not served upon him personally, and that there was no evidence showing that it had been mailed to the proper place. The defendant Mayer also moved for a dismissal of the complaint upon the grounds that the note had not been presented within a reasonable time, and that the proof was insufficient to charge him with notice of protest for nonpayment as an indorser. This motion was denied, and the defendant rested. Upon motion of the plaintiff the court directed a verdict against the defendant for the full amount secured to be paid by the note, with interest.

No affidavit was filed by the defendant Mayer with his pleading, or within 10 days after joinder of issue, to the effect that he had not received notice of the nonpayment of the note; consequently the certificate of the notary and its service upon the indorser were deemed to have been made. Code Civ. Proc. § 923. The notice served was sufficient to charge the indorser. McLean v. Ryan, 36 App. Div. 281, 55 N. Y. Supp. 232, affirmed on appeal 165 N. Y. 620, 59 N. E. 1126.

The main contention of the defendant upon this appeal relates not so much to these questions as it does to the question as to whether the note can be enforced, for the reason that it was not presented within a reasonable time. By the provisions of section 131 of the Negotiable Instruments Law (Laws 1897, p. 736, c. 612) a note payable on demand is required to be presented for payment within a reasonable time after its issue, and the defendant contends that four months and six days, in the absence of any explanatory evidence, is, as matter of law, an unreasonable lapse of time, which has the effect of discharging him as an indorser. The provisions of the negotiable instruments law does not assume to define the limitations of a reasonable time within which a note payable upon demand shall be presented, and authority upon the subject is equally indefinite. It was said by Chief Judge Parker in German-American Bank v. Atwater, 165 N. Y. 36, 58 N. E. 763:

"What is a reasonable time cannot always be measured by months; indeed, an investigation of a limited number of authorities discloses that as short a period as 3 months and as long a one as 21 months has been held to be within a reasonable time, depending upon the special facts of each case."

The combined provisions, therefore, of statute and authority seem to leave the question of reasonable time as one of fact, to be determined by the circumstances of the particular case.

The question at once arises, however, upon whom devolves the

burden of showing that the note was not presented within a reasonable time? In effect, section 131 of the negotiable instruments law creates a statute of limitation. Indefinite as to time, it is true, but nevertheless imposing a duty upon the holder of a note payable upon demand to present it within a reasonable time. When not so presented, payment may not be enforced, not for the reason that the debt is not due and existing, but because the holder has allowed the bar of a statute to intervene to prevent a recovery; consequently, in making disposition of this question, we are to consider it as being analogous to other statutes of limitation. It has long been settled that in cases of this character, where the statute of limitations is relied upon as a bar to the enforcement of the cause of action, in order to be available it must be pleaded as a defense, and, if not so pleaded, the defendant is deemed to have waived its benefits. It would seem to follow, therefore, that, when a note payable on demand is presented for payment, such presentation is presumptively within a reasonable time after its execution and delivery; and the person sought to be charged with its payment is required, in order to raise the issue that its presentation was delayed for an unreasonable time, to plead such matter as a defense, and prove the same upon the trial; otherwise he should be deemed to have waived the benefits with which the negotiable instruments law has sought to invest him. There may be such circumstances surrounding the entire transaction as to indicate that presentation has been unreasonably delayed, and which may appear upon the face of the proceedings, but in such case we see no reason why it does not devolve upon the defendant to plead such matter in defense, or else be deemed to have waived the provisions of the statute. Where the circumstances thus show an unreasonable delay, the defense interposed would be established thereby. In all other cases he would be required not only to plead, but establish his plea by affirmative proof. Such a defense admits nonpayment, and seeks by way of avoidance to be acquitted of the obligation to pay; and, under our system of pleading, such defense, save in exceptional cases not applicable to cases of this character, has always been required to be pleaded and proved. As the contract requiring the payment of money stands admitted, it is quite competent for a defendant to decline to avail himself of technical objections in avoidance of his assumed obligation. This rule is in harmony with that which ordinarily applies in cases where technical defenses are invoked, and we see no reason why, in principle, the defense that an unreasonable time has elapsed between the execution and delivery of a promissory note, payable on demand, and a demand for payment, should not be devolved upon the defendant, and in order to make the defense available he should be required to plead and prove it. In the present case the defendant has failed either to plead or prove that the presentation for payment was unreasonably delayed. As the facts are undisputed, judgment for the amount of the note, with interest, was properly directed.

The judgment should therefore be affirmed, with costs. All concur.