## LAUDERDALE v. O'NEILL et al.

No. 9479—Opinion Filed Dec. 10, 1918.

Rehearing Denied Jan. 7, 1919.

(177 Pac. 113.)

### Indians—Verdict—Sufficiency of Evidence.

.The evidence in this cause examined, and **held** that same is not sufficient to support the verdict and judgment of the trial court.

(Syllabus by Pryor, C.)

Error from District Court, Stephens County; Cham Jones, Judge.

Action by Eliza Lauderdale against Bird E. O'Neill and others. Judgment for defendants, and plaintiff brings error. Reversed.

W. F. Semple and J. M. Sandlin, for plaintiff in error.

Bond & Kolb, T. B. Reeder, and D. D. Brunson, for defendants in error.

Opinion by PRYOR, C. The plaintiff, Eliza Lauderdale, commenced this action in the district court of Stephens county against the defendants, Bird O'Neill. Elizabeth E. O'Neill, Annie Sparks, and the Pittsburg Mortgage Investment Company, a corporation, to recover an undivided one-half interest in certain lands lying in Stephens county, the same being the allotments of Julius Webster and Ella Webster.

The plaintiff claims title to the lands by inheritance. The plaintiff alleged that Julius Webster died intestate on the 7th day of February, 1905, seized and possessed of an allotment, and left as his sole heir Ella Webster, who inherited his allotment; that thereafter Ella Webster died intestate, seized of her allotment and her father's allotment, and left as her sole heirs at law the plaintiff and Elsie Billy, aunts on the maternal side, and daughters of Elizabeth Houston, afterwards Elizabeth Webster.

The issue tried in the trial court was a question of fact, whether or not the plaintiff and Elsie Billy (nee Webster) were half-sisters, and daughters of the same mother, Elizabeth Webster (nee Houston). The jury determined this issue of fact adverse to the plaintiff, and the plaintiff appeals to this court. The question presented on appeal is whether or not the verdict is sustained by the evidence. The plaintiff, as witness in her own behalf and three other witnesses

introduced by her, testified directly and positively that Elizabeth Webster, the mother of Elsie and Elizabeth Houston, is the same person; that she was first married to Samuel Houston, and that Eliza Lauderdale is a daughter of that marriage, afterwards Elizabeth Houston was married to Francis Webster, and Elsie Billy (nee Webster) is the daughter of the latter marriage; that Elsie Billy (nee Webster) and Eliza Lauderdale are half-sisters, being the daughters of Elizabeth Webster (nee Houston).

To meet this evidence, the defendants introduced three witnesses, who testified to the children of Elizabeth Webster and Francis Webster. The testimony of these witnesses, given as their personal knowledge, is limited directly to an account of the family of Elizabeth Webster and Francis Webster. They do not undertake to testify as to any former children of Elizabeth Webster by her former husband, or to say from their own knowledge that Eliza Lauderdale is not a daughter of Elizabeth Webster ( nee Houston). The questions asked the witnesses for the defendants by the counsel for the defense failed to direct the attention of the witnesses to anything that would account for the married life of Elizabeth Webster before her marriage to Francis Webster, or concerning any child or children by former marriage.

There are one or two questions asked the witness for the defense by the counsel as to the children Elizabeth Webster (nee Houston) stated she had, which is so framed that it is not certain whether the attention of the witnesses is direct to the children of Elizabeth Webster by Francis Webster or is intended to include all the children of Elizabeth Webster. The testimony in this regard is rendered uncertain and unsatisfactory by confusing the question and answer by involving the children of the marriage of the said Elizabeth Houston and Francis Webster, and it is not certain whether the witness in his answer intended to say that Elizabeth Webster had positively stated that she had no children except those by Francis Webster.

The defendants do not attempt to prove by any direct or positive evidence that Elizabeth Webster had any children than° those by Francis Webster, or that Eliza Lauderdale was not her child. The only proof in this regard is the attempt to prove by declarations made by Elizabeth Webster (nee Houston) ; and, as stated above it is not clear that she made the declaration that she had no other children except by Francis Webster. While the declarations relative to pedigree is admissible and competent evidence, it is not entitled to the same weight and consideration that direct and positive evidence is, and is not of the satisfactory and conclusive nature of positive and direct testimony. 7 Jones on Evidence (Blue Book Ed.) p. 733.

The testimony of the witnesses for the defense that they never heard of Eliza Lauderdale being the daughter of Elizabeth Webster (nee Houston) is purely negative and is of no weight whatever. The defendants in error introduced a deed executed by a full-blood Indian heir, and an order approving such deed, containing a recital that Elsie Billy was the sole and only heir of Ella Webster. This was introduced over the objection of the plaintiff in error. These documents were incompetent to establish heirship, and the jury should have been admonished not to consider it for that purpose. Johnson v. Alexander, 66 Okla. 128, 167 Pac. 989.

This was the only proof and direct evidence that Elsie Billy was the sole and only heir of Ella Webster. It is hard to conceive how the jury reached its verdict, unless it considered this evidence. The rule is well established in this state that, where there is evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal, or, where the verdict of the jury is based on conflicting evidence, the same will not be disturbed on appeal; but, the rule is also established in this jurisdiction that there must be evidence reasonably tending to support the verdict of the jury, and that a conflict of evidence is such conflict that reasonable minds might reach different conclusions.

After a careful and thorough consideration of all the competent evidence introduced in this case, this court is convinced that the evidence in this case is not such that reasonable minds might reach different conclusions; that the evidence is wholly insufficient to support a verdict and judgment for the defendants.

The judgment is therefore reversed, and the case remanded, with directions to grant a new trial.

By the Court: It is so ordered.