**JONES et al. v. HUDSON.**

No. 14685—Opinion Filed Jan. 29, 1924.

Rehearing Denied March 18, 1924.

1. **Appeal and Error—Questions of Fact—Verdict.**

A judgment will not be reversed on appeal to this court if there is any testimony that reasonably tends to support the verdict of the jury.

2. **Same—Harmless Error—Instructions on Damages.**

The giving of unwarranted instructions to the jury on the question of exemplary damages will not operate to cause a reversal of the cause where the verdict of the jury is returned only for actual damages. In such event the error committed in giving the instruction becomes technical error.

3. **Disposition of Cause—Recovery for Personal Injuries.**

Record examined; held, to be sufficient to support the judgment against J. W. Jones, and insufficient to support the verdict returned against Joe Williams.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by M. A. Hudson against J. W. Jones and Joe Williams for damages on account of personal injury. Judgment for plaintiff. Defendants bring error. Affirmed as to J. W. Jones, and reversed as to Joe Williams.

Green & Pruet, for plaintiffs in error.

Sandlin & Winans, C. L. McArthur, and Bridges & Vertrees, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action in the district court of Jefferson county against J. W. Jones and Joe Williams for damages on account of personal injuries. The petition sets forth that the plaintiff was traveling along the highway on a loaded wagon and that the defendants ran an automobile against the loaded wagon and team of plaintiff which caused the wagon to turn over, resulting in plaintiff's leg being broken just above the ankle, and other minor injuries. The petition states a cause of action against the defendants jointly. The defendants filed their motion to require the plaintiff to show the grounds for joint liability. The court overruled the motion. Ordinarily only the driver of the car is liable and for this reason the court ought to have sustained the motion. However, the overruling of the motion did not operate to prejudice the rights of the defendants in the trial of the cause. Thereafter, the defendants filed their general denial and in the trial of the cause the jury returned its verdict in favor of the plaintiff for $450. The defendants appealed the cause to this court and assign the overruling of the motion and general demurrers to the petition as error, and also complain of the giving of certain instructions to the jury. It is further claimed by the defendants that the evidence is insufficient to support the verdict as returned in the cause. The evidence in this case did not show that the defendant willfully inflicted plaintiff's injuries, or that the injuries resulted from a wanton disregard of plaintiff's rights on the highway. The evidence showed that plaintiff was driving a loaded wagon drawn by a team of horses along the highway, and that the defendant, who was driving a Ford roadster, approached the plaintiff from the rear and in attempting to pass the plaintiff ran the automobile against the team. As a result of the collision the loaded wagon was caused to turn over and plaintiff suffered the injuries above set forth. The evidence showed that J. W. Jones was driving the car and did not show that Joe Williams was in any manner connected with the causes which resulted in plaintiff's injuries. Under the proof in this case it was error to submit an instruction on the question of exemplary damages to the jury. Western Union Tel. Co. v. Reeves, 34 Okla. 486, 126 Pac. 216. However, as the verdict of the jury was merely for actual damages, the giving of the instruction became merely technical error, and the verdict in the sum of $450, when considered in connection with the extent of plaintiff's injuries, would indicate that the defendant's rights were not prejudiced in the giving of the instruction. The evidence in no way connects Joe Williams with responsibility for the cause re-

sulting in the injury, and the verdict against this defendant is not supported by any testimony. The evidence is sufficient to support the verdict returned against J. W. Jones as defendant.

If there is any testimony that reasonably tends to support the verdict of the jury, the judgment will not be reversed on appeal to this court. Lauderdale v. O'Neill et al., 74 Oklahoma, 177 Pac. 113.

We have examined the instructions and proceedings in the trial, and find the issues were fairly tried and submitted between the plaintiff and the defendant J. W. Jones.

Therefore, it is recommended that this cause be affirmed as to J. W. Jones, and reversed as to Joe Williams for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.