## FINCH v. DEVANNEY.

No. 15451—Opinion Filed Sept. 29, 1925.

(Syllabus.)

**1. Bills and Notes—Defenses—When Demand Note Deemed "Overdue."**

When a promissory note is payable on demand, it becomes due and is payable within a reasonable time after its execution, and when not so presented within a reasonable length of time, it is deemed overdue and dishonored within the rule subjecting the transferee of overdue paper to defenses available between the original parties.

**2. Same—Demand Note—Holder in Due Course—Jury Question.**

Whether a demand note is negotiated an unreasonable length of time, so that the holder was not a holder in due course, held, a question for the jury in view of section 7667, Comp. St. 1921, requiring the facts of the particular case to be considered in determining what is a reasonable time.

**3. Appeal and Error—Conflicting Evidence —Verdict.**

Where the evidence is conflicting, but there is sufficient evidence upon which the jury could reasonably predicate the verdict, and the instructions given by the court are free from prejudicial error, the Supreme Court will not reverse the case on appeal.

**4. Same—Sufficiency of Evidence.**

If there is any competent testimony that reasonably tends to support the verdict of the jury in a law action, the judgment based thereon will not be reversed on appeal.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by C. B. Finch against P. J. Devanney. Judgment for defendant, and plaintiff appeals. Affirmed.

D. W. Tracy, for plaintiff in error.

E. H. Gipson and Arthur Leach, for defendant in error.

RILEY, J. This action was commenced in the district court of Beckham county by

plaintiff in error, C. B. Finch, as plaintiff, and against the defendant in error, P. J. Devanney, as defendant below. For convenience the parties will be mentioned as they appeared in the trial court. The action is based on a promissory note in the sum of $1,000, dated April 3, 1920, due upon demand, the same being executed by defendant to A. M. Cuff and negotiated by Cuff without recourse March 5, 1923, to plaintiff, C. B. Finch.

The answer of defendant admitted the execution of the note, but alleged that the same was executed and delivered to A. M. Cuff without consideration and for the purpose of aiding said Cuff in borrowing money; that the defendant was informed by Cuff that the note was not used, but destroyed. It was further alleged by defendant that the note was not negotiated to plaintiff in due course, but for the purpose of defrauding defendant. A reply in the nature of a general denial was filed by the plaintiff, and upon the issues thus joined the cause was tried to the jury, and verdict rendered in favor of the defendant; judgment thereon was rendered, and motion for new trial was filed and overruled, and this appeal perfected.

The answer of the defendant raised the question of the negotiation of the instrument in good faith before maturity. On this question evidence was offered by the defendant as to the reasonableness of the time for negotiation of demand notes.

The specifications of error set out by plaintiff in 1, 2, 3, 4, 5, and 6 are leveled at the testimony of witnesses Marsh, Ford, and Johnson, which testimony was admitted by the trial court touching upon the custom and usage of banks and others as to the reasonableness of time in the matter of negotiability of commercial paper. It is asserted by plaintiff that demand notes are negotiable until demand has been made for payment, which demand must be made within a reasonable time, but it is contended by plaintiff that the question as to whether or not a reasonable time has elapsed is one governed by the particular facts in each case, and that proof touching this question is competent, relevant, and material only when confined to the particular facts shown in evidence.

Section 7723, Comp. St. 1921, provides as follows:

"Where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course."

Section 7667, Comp. St. 1921, provides:

"In determining what is a 'reasonable time' or an 'unreasonable time' regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case."

The witness Marsh testified that he was cashier of the Beckham County National Bank of Sayre, Okla., and had been such for a period of 17 years; that a demand note would be considered by the Banking Department as bad paper six months after date; that in the locality, under the usage and custom existing, three years would be an unreasonable length of time in which to negotiate a demand note. The witnesses Ford and Johnson testified in substance to the same effect.

Bearing in mind the provisions of the law relating to negotiable instruments as contained in section 7667, supra, and the facts disclosed by the record, that the note sued upon was dated April 3, 1920, made payable after date, and that Finch acquired the said note on March 5, 1923, and was at that time engaged in the banking business at Gotebo, Okla., and had theretofore lived in the locality where the defendant resided, we see no reason why such evidence as complained of was not admissible.

The note forming the basis of the action was introduced in evidence, the particular facts regarding the relation of the parties, the execution, delivery, and assignment of the note, as contended by the plaintiff and defendant, were before the jury, and under the statute, evidence complained of in respect to usage and custom of business, confined to the element of time in the negotiation of demand notes, was material and pertinent to the proper consideration of the matter.

It may be borne in mind that it does not appear from the record nor from the note itself that any amount of interest or principal was paid upon the note sued upon.

In the case of Besse v. Morgan, 84 Okla. 203, 202 Pac. 1012, it is said:

"Even though, the defendant offers no evidence on rebuttal to disclose that the plaintiff was not a bona fide holder of the note in due course, but where defendant has denied said fact, and the evidence introduced on the part of the plaintiff to prove such fact is of such nature that men of ordinary intelligence might draw different conclusions therefrom, it is not error for the court to refuse to instruct a verdict for the plaintiff."

We are of the opinion that the evidence bearing upon the usage and custom of trade and business with respect to promissory demand notes, and bearing upon the reasonableness of time of negotiation of such instruments, in view of the particular facts of the case at bar, was admissible to determine whether or not the plaintiff was a holder in due course.

There is no precise time when such a note is to be considered dishonored. It depends upon the instrument itself, the local usage, and the situation of the parties, or, in short, the special facts of each case.

Consideration given to both the statute and authorities, the question of reasonable time seems to be one of fact to be determined by the circumstances of the particular case. German-American Bank v. Mills, 99 App. Div. 312, 91 N. Y. Supp. 142; Barbour v. Fullerton, 36 Pa. 105; Bacon v. Harris, 15 R. I. 599.

In the following cases, wherein the period of from two and a half to eight months time had elapsed, it was held that such time was beyond a reasonable period and sufficient to dishonor a demand note: Losee v. Dunkin (N. Y.) 5 Am. Dec. 245; Ayer v. Hutchins (Mass.) 3 Am. Dec. 232. There is, however, no definite rule to be applied, and, among other elements, "the facts of the particular case" are to be considered. The question of reasonable time in such cases is a proper matter for the determination of a jury.

In the case of Herrick v. Woolverton, 41 N. Y. 581, 1 Am. Rep. 461, it is said:

"The rule that a promissory note, payable on demand, with interest, is a continuing security, does not apply between holder and maker. Therefore, a note, payable on demand, with interest, transferred nearly three months after date, is past due when transferred, and subject to all the defenses that would have been available if the suit had been by the original payee." See, also, 3 R. C. L. 1047.

It is contended by the plaintiff that the verdict of the jury was not sustained by sufficient evidence and was contrary to law

The plaintiff, in his brief, points out wherein the evidence is conflicting and contradictory, yet we see no merit in this contention, for the reason that this court, under the announced rule, in a law action will not weigh conflicting evidence in order to determine the preponderance, but if there is any competent testimony that reasonably tends to support the verdict of the jury, the judgment based thereon will not be reversed on appeal. See Seyler Development Co. v. Mullen, 93 Okla. 293, 220 Pac. 471;

Twin States Oil Co. v. Westerly Oil Co., 93 Okla. 297, 220 Pac. 839; Jones v. Hudson, 98 Okla. 116, 224 Pac. 185.

The judgment of the trial court is therefore, affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, LESTER, and CLARK, JJ., concur.

Note.—See under (1) 8 C. J. p. 408, § 603; 3 R. C. L. p. 1047; 1 R. C. L. Supp. p. 959. (2) 8 C. J. pp. 409, § 603, 1061, § 1376; 3 R. C. L. p. 1048; 1 R. C. L. Supp. p. 960. (3) 4 C. J. p. 859, § 2836; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. 90; 5 R. C. L. Supp. 79. (4) 4 C. J. p. 854, § 2834.