## TINKER v. SCHARNHORST.

No. 17926. Opinion Filed Jan. 31, 1928.

(Syllabus.)

### 1. Infants—Effect of Disability on Time for Perfecting Appeal to Supreme Court.

Section 798, C. O. S. 1921, provides that in case the person entitled to prosecute proceedings to this court for reversing, vacating, or modifying a judgment or final order be an infant, that the time within which he may prosecute the proceedings shall be exclusive of the period of his disability, and, therefore, for those errors appearing on the face of the proceedings, the remedy provided by the statutes is an appeal to this court, and this right of appeal lasts until the statute has run against the infant, excluding the period of his disability.

### 2. Trial—Credibility of Witnesses for Jury.

The credibility of witnesses is a matter lying peculiarly within the province of the jury.

### 3. Appeal and Error—Verdict Reasonably Supported by Evidence not Reversed.

Where there is any competent evidence reasonably tending to support the verdict, the judgment will not be reversed on appeal.

### 4. Damages—Verdict Allowing $1,083 for Personal Injuries not Excessive.

Evidence examined, and held, the judgment is not excessive.

**5. Damages—Exemplary Damages, When Allowable.**

Exemplary damages are imposed by the law on the theory of punishment to the offender, for the general benefit of society, and as a restraint to the transgressor, and are allowed only in cases where malice, fraud, oppression, or gross negligence enter into the cause of action.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Chas. Scharnhorst against Louis Tinker for personal injuries and damages resulting from a collision of automobiles on account of negligence of defendant. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 114 Okla. 27, 242 Pac. 1041.

Humphrey & Spence, for plaintiff in error.

Edward A. Jacobson and Gray & Palmer, for defendant in error.

RILEY, J. The defendant in error, as plaintiff below, brought this action in tort for personal injuries and damages to his automobile, alleged to have been sustained as a result of a collision with defendant. Plaintiff alleged that he was driving on the Pershing road, a public highway leading southeast from Pawhuska, and that without warning the defendant, while intoxicated and while driving at an excessive rate of speed, negligently and carelessly, wrongfully, and unlawfully ran the automobile in which he was driving, and while traveling north, into the automobile which plaintiff was driving. That defendant in so doing crossed over to the left side of the road, facing north, in an endeavor to pass other vehicles traveling in front of defendant and in the same direction. Plaintiff, in addition to his prayer for specific compensatory damages, prayed for punitive damages by reason of the alleged gross negligence and wantonness of the defendant.

The defendant by way of defense denied any part in the accident, denied that he was was driving his automobile that evening, a Hudson Speedster, when it was engaged in the collision, and further alleged an affirmative defense that he had placed his automobile in the Service Garage in the city of Pawhuska early that evening and paid for storage thereon and that thereafter he did not use or see his auto previous to the accident; that in company with some friends and in a friend's auto, a Cadillac, he was driving on the Pershing road between 10 and 11 o'clock on the particular evening and saw an accident ahead, stopped their auto and the defendant got out and went to the scene of the accident, and that this was the first time that he recognized the Hudson Speedster in the accident as his own auto; that the Hudson Speedster, the defendant's auto, was taken from the Service Garage by the night man for a joy ride with other friends and the use of the defendant's auto was without authority, express or implied. The cause was submitted to a jury and a verdict was returned in favor of plaintiff in the sum of $1,500, and judgment entered thereon.

The plaintiff in error, then a minor, by his guardian ad litem, sought to appeal and filed his case-made here under No. 16538, in June, 1925. That appeal was dismissed in December, 1925, because there was no petition in error filed, the court holding "no action had been instituted in this court."

On November 1, 1926, plaintiff in error refiled the case-made, attached as Exhibit "A" to his petition in error, under the instant number, avers that he reached his majority May 7, 1926, and contends that he is entitled to perfect his appeal to this court within six months after attaining his majority and within six months after his period of disability has been removed, by reason of the statute, section 798, C. O. S. 1921. This section of the statute was construed in Sawyer v. Ware, 36 Okla. 139, 128 Pac. 273, and we follow the rule therein announced:

"Section 6082 of the Comp. Laws of 1909 (section 798, C. O. S. 1921) provides that in case the person entitled to prosecute a proceeding to this court for reversing, vacating, or modifying a judgment or final order be an infant, that the time within which he may prosecute the proceeding shall be exclusive of the period of his disability, and, therefore, for these errors appearing on the face of the proceeding, the remedy provided by the statute is an appeal to this court, and the right of appeal lasts until the statute has run against the infant, excluding the period of his disability."

This rule was approved in Cudjo v. Harris, 119 Okla. 69, 248 Pac. 343.

The first proposition argued on appeal includes assignments of error 1, 2 and 3, all going to the sufficiency of the evidence to support the verdict of the jury.

The evidence on behalf of plaintiff was that Tinker was out at the driver's side of the auto almost instantly after the accident. "Q. What did you see immediately after you got out of your car and began looking around? A. Mr. Tinker standing

at his car, he had just got from under the car." And that immediately thereafter he stated: "He said he was driving too damn fast, making about 60 miles the last he looked at his speedometer."

Tinker wrote out for plaintiff the name of the insurance agent who had issued an insurance policy covering damages by Tinker's car and arranged to meet plaintiff and go to the office of the insurance adjuster.

The defendant, Tinker, denied writing out and signing the exhibit containing the name of the insurance agent. (C.-M. 102-104.) Yet, in plaintiff in error's brief, p. 19, it is said, "and shortly after the accident gave the plaintiff the name of his insurance agent."

The evidence before the jury was conflicting. It was a question of veracity, and it would seem from the inconsistency above set out that the jury chose wisely the party more worthy of belief.

There was evidence upon which the verdict was based, and the rule on appeal is:

"The credibility of witnesses is a matter lying peculiarly within the province of the jury." Quapaw Mining Co. v. Cogburn, 78 Okla. 227, 190 Pac. 416; Muskogee Elec. Trac. Co. v. Cooper, 79 Okla. 271, 193 Pac. 39.

And where there is any competent evidence reasonably tending to support the verdict, the judgment will not be reversed on appeal. Lauderdale v. O'Neill, 74 Okla. 119, 177 Pac. 113; Jones v. Hudson, 98 Okla. 116, 224 Pac. 185.

Appellant contends the damages awarded are excessive and urges that any amount over $417 would be excessive, that amount being for doctor bills, auto repair, and loss of time. The evidence disclosed that appellee sustained three broken ribs and an injured kidney and that he had been hindered in the performance of his work ever since by reason of the injury.

Appellant bases his contention as to excessive damages and as to an alleged error of law upon the rule in Shawnee-Tecumseh Traction Co. v. Griggs, 50 Okla. 566, 151 Pac. 230:

"If the injury is objective and it is plainly apparent, from the very nature of the injury, that the injured person must of necessity undergo pain and suffering in the future, then most certainly the plaintiff would not be required to prove a fact so plainly evident, and upon making proof of such an objective injury the jury may infer pain and suffering in the future. * * * Where the injury is subjective and of such a nature that laymen cannot, with reasonable certainty, know whether or not there will be future pain and suffering, then in order to warrant an instruction on that point and to authorize a jury to return a verdict for future pain and suffering, there must be offered evidence by expert witnesses, learned in human anatomy, who can testify either from a personal examination or knowledge of the history of the case, or from a hypothetical question based on the facts, that the plaintiff, with reasonable certainty, may be expected to experience future pain and suffering, as a result of the injury proved."

There was no expert testimony. The plaintiff's physician was out of the county at the time of the trial. The court instructed the jury to "take into consideration the nature and extent of plaintiff's injuries, whether they are permanent or otherwise. the physical pain, if any, caused by such injury, the loss of time from his work," doctor bills, repair bills, etc., in determining the amount of the verdict in the event the jury found the issues in favor of plaintiff and against the defendant.

We hold the instruction not to contain reversible error and the evidence sufficient as establishing an "objective injury" to the satisfaction of the jury, damaging the plaintiff in the sum necessarily allowed for the injury and pain, to wit, $1.083. which. together with the $417, actual paid bills by reason of the accident, equals the total amount of the judgment. Fidelity Phenix Fire Insurance Co. v. School Dist. No. 10. 80 Okla. 290, 196 Pac. 700.

In the Shawnee Tecumseh Trac. Co. Case, cited, the court specifically instructed the jury to consider "such physical pain, if any, as you may find she may suffer in the future." Such is not the instruction here.

It is complained that the trial court erred in law in not permitting defendant to show plaintiff had other damage cases under settlement.

The question did not include any injury complained of in this case and there was no exception saved. We sustain the trial court's ruling.

It is contended that the court erred in instructing upon exemplary damages. However, in Williams v. Baldry, 52 Okla. 126, 152 Pac. 814. and in Rhyne v. Turley. 37 Okla. 159, 131 Pac. 695, in actions of tort such an instruction was upheld. In the latter case it was said in connection with section 5975, C. O. S. 1921:

"Exemplary damages are imposed by the law on the theory of punishment to the offender for the general benefit of society, and as a restraint to the transgressor, and are allowed only in cases where malice, fraud, oppression, or gross negligence enter into the cause of action."

From the small amount of the verdict and by reason of no designation being made by the jury and by reason of the presumption being in favor of the validity of the judgment, we must conclude that the $1,500 allowed is compensatory and not exemplary damages. Therefore, there is nothing in this matter about which appellant will be heard to complain.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur. HARRISON, J., absent, not participating.

Note.—See under (1) 3 C. J. p. 1063, §1068. (2) 38 Cyc. p. 1518; 26 R. C. L. p. 1027. (3) 4 C. J. p. 853, §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73. (4) 17 C. J. p. 1091, §408; anno. L. R. A. 1915F, 30, 46 A. L. R. 1230. (5) 17 C. J. p. 983, §279; p. 986, §284; 8 R. C. L. p. 584, et seq.