BERMAN-STEINBERG, INC., Plaintiff, *v.* STANDARD COTTON STORES, INC., and Others, Defendants.

City Court of New York, New York County, June 24, 1932.

*Maxwell E. Blinder*, for the plaintiff.

*John Bogart*, for the defendant Abraham Cohen.

*Murray Levine*, for the defendant Hyman Singer.

LA FETRA, Ch. J.   This is a motion to strike out the answer of the defendants and for judgment against them under rule 113 of the Rules of Civil Practice for the reason the answer is sham and frivolous and interposed solely for delay.   A cross-motion is made by the defendants to dismiss the second and third causes of action on the ground that the allegations therein do not set forth facts sufficient to constitute causes of action.

The action is by the plaintiff against the defendants Standard Cotton Stores, Inc., the maker, Hyman Singer, the president of the maker, and one Abraham Cohen, as indorsers, for a balance due on eighteen promissory notes remaining unpaid of a series of thirty-five notes.

It has been severed as to the defendant corporation, and continued as to the other defendants, indorsers.

Each of the aforesaid notes was made payable at the City National Bank of South Norwalk, and contained an acceleration clause which reads as follows: " This is one of a series of notes numbered from 1 to 35 and default or protest of this note makes all notes subsequent in date immediately due and payable."

The first cause of action is upon the eighteenth note of the series, due April 1, 1932, the second upon the nineteenth note of said series, due May 1, 1932, and the third upon the remaining sixteen notes of said series.   In the first cause the complaint contains allegations in common-law form as to presentment and dishonor, followed by language which imports a formal protest of the note and notice to the indorsers, certified by a notary public.   The second and third causes are couched in similar language.   The defendants admit that no part of the notes was paid, but deny the other allegations in that respect.

A certificate of a notary public as to the presentment of a note, its dishonor and notice thereof to an indorser, is presumptive evidence of its contents and is the statutory substitute for common-law proof upon the subject.   When in evidence it is conclusive as against the adverse party unless an issue has been raised as to the material facts.   Service of an original affidavit by the adverse party brings in controversy the facts and under our forms of pleading an issue is said to be joined.   By this method evidence becomes admissible to rebut the statutory presumption created upon the admission in evidence of the certificate of protest.   The rebuttal testimony may be met by common-law proof.   The defendants served their original affidavit in respect to the first cause but not as to the second and third causes of action.   The plaintiff did not submit the statutory proof to raise the presumption in its favor upon this motion.   The evidence it did adduce lacks the probative

force to sustain its present contention. If the note of April 1, 1932, was duly protested and notice given, it would have been a useless gesture to have presented the remainder which then immediately became due and payable. Notice as to its " default and protest " was sufficient to charge the indorsers with liability upon the remainder of said series. (*Kelly* v. *Theiss,* 77 App. Div. 81 [1st Dept. Dec. 1902]; *McBride* v. *Illinois National Bank,* 138 id. 339, 346 [1st Dept. Mar. 1910]; Neg. Inst. Law, § 160; Civ. Prac. Act, § 368; *German-American Bank* v. *Mills,* 99 App. Div. 312, 313; *Oppenheimer* v. *Roberts,* 175 id. 424, 430, 431; *McLean* v. *Ryan,* 36 id. 281, 282; *Latham* v. *Sheff,* 193 id. 576, 578, 579; 2 Daniel Neg. Inst. [6th ed.] § 960, p. 1125; 2 Parsons Notes & Bills, 498; *Bank of Rochester* v. *Gray,* 2 Hill, 227; *Seneca County Bank* v. *Neass,* 3 N. Y. 442, 445.)

The motion for judgment is denied, without prejudice to a renewal; the motion by defendants to dismiss the second and third causes of action is denied. Settle order on five days' notice.